Amy L. Bennecoff Ginsburg (034423)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
aginsburg@creditlaw.com
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **Jared Nelson and Jennifer Nelson**, Plaintiffs, v. **Charter Communications, Inc.,** Defendant. | Case No. Complaint and Demand for Jury Trial |

## COMPLAINT

**Jared Nelson and Jennifer Nelson** (Plaintiffs), by and through their attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **Charter Communications, Inc.** (Defendant):

### INTRODUCTION

1. Plaintiffs' Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227.

1

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. This Court has personal jurisdiction over Defendant conducts business in the State of Arizona.

4. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiffs are natural people residing in Prescott Valley, Arizona 86314.

6. Plaintiffs are "persons" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a business entity with principal place of business, head office, or otherwise valid mailing address at 400 Atlantic Street, Stamford, Connecticut 06901.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff Jennifer Nelson has a personal cellular telephone number ending in 9912.

11. Plaintiff Jared Nelson has a personal cellular telephone number ending in 0244.

12. Plaintiffs have only used these phone numbers as personal cellular telephones.

13. Defendant began calling Plaintiff Jennifer Nelson on her cellular telephone beginning in December 2019.

14. Ms. Nelson did not consent to these calls and did not seek information about Defendant's services.

15. Defendant's telephone calls were not made for "emergency purposes."

16. Ms. Nelson's number ending in 9912 has been on the Do Not Call Registry since March 13, 2019.

17. Soon after the calls began Ms. Nelson told Defendant to stop calling.

18. She was informed that there was probably an auto dial error as they did not have her number listed in their system, and was assured the calls would cease.

19. Despite the indication that calls would ease, Ms. Nelson continued to receive calls.

20. Thereafter, she sent Defendant written correspondence.

21. Receiving no response to her letter, she then proceeded to file a complaint with the Better Business Bureau.

22. She was then contacted by Defendant's representative "Brittney" who also indicated her number was not in their system, but that she would ensure it was removed.

23. However, the calls to Mrs. Nelson did not cease, and Defendant also began placing calls to Mr. Nelson at his cellular telephone number ending in 0244.

24. Mr. Nelson did not consent to these calls and did request any information from Defendant.

25. The number ending in 0244 has been on the Do Not Call Registry since May 9, 2019.

26. Defendant knew its calls were unwanted and to stop, therefore, all calls could have only been made solely for purposes of harassment.

27. Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiffs to endure.

28. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(B)

29. Plaintiffs incorporate the forgoing paragraphs as though the same were set forth at length herein.

30. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

23. Defendant initiated multiple telephone calls to Plaintiffs' cellular telephone number using an automatic telephone dialing system.

24. The dialing system used by Defendant to call Plaintiffs' cellular telephone calls telephone numbers without being prompted by human intervention before each call.

25. The dialing system used by Defendant to call Plaintiffs has the present and/or future capacity to dial numbers in a random and/or sequential fashion.

26. Defendant's calls were not made for "emergency purposes."

27. Defendant's calls to Plaintiffs' cellular telephones were without any prior express consent.

28. Defendant contacted Plaintiffs despite the fact that Plaintiffs have been on the Do Not Call Registry.

29. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiffs' rights under the law and with the purpose of harassing Plaintiffs.

30. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

31. As a result of the above violations of the TCPA, Plaintiffs have suffered the losses and damages as set forth above entitling Plaintiffs to an award of statutory, actual and trebles damages.

## COUNT II
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(C)

32. Plaintiffs incorporate the forgoing paragraphs as though the same were set forth at length herein.

33. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

34. Defendant contacted Plaintiffs despite the fact that Plaintiffs have been on the Do Not Call Registry.

35. Defendant called Plaintiffs on two or more occasions during a single calendar year despite Plaintiffs' registration on the Do Not Call list.

36. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiffs' rights under the law and with the purpose of harassing Plaintiffs.

37. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

38. As a result of the above violations of the TCPA, Plaintiffs have suffered the losses and damages as set forth above entitling Plaintiffs to an award of statutory, actual and trebles damages.

**Wherefore**, Plaintiffs, **Jared Nelson and Jennifer Nelson,** respectfully prays for judgment as follows:

    a. All actual damages Plaintiffs suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

    b. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

    c. Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

    d.    Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

    e.    Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

    f.    Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c); and

    g.    Any other relief this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

**Please take notice** that Plaintiffs, **Jared Nelson and Jennifer Nelson,** demands a jury trial in this case.

Respectfully submitted,

Dated: 02/08/2021

By: *s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-788-2864
Email: aginsburg@creditlaw.com